UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

BERNICE BROUSSARD        *    CIVIL NO. 09-1111

VERSUS             *    JUDGE DOHERTY

ARTHUR BASALDUA, ET AL     *    MAGISTRATE JUDGE HILL

REPORT AND RECOMMENDATION ON MOTION TO DISMISS

    Pending before the undersigned for Report and Recommendation is the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by defendants, Ronald J. Theriot ("Theriot") and Reginald Clues ("Clues"), on October 26, 2009.  [rec. doc. 9].  Plaintiff, Bernice Broussard ("Broussard"), filed opposition [rec. doc. 21] and a supplemental memorandum [rec. doc. 25].  Oral argument was held in open court on the defendants' motion on January, 27, 2010, after which the undersigned took the motion under advisement.  Based on the following, it is recommended that the motion be **GRANTED**, and that all claims filed by plaintiff against all defendants be **DISMISSED**.

### Background

    Broussard brought this civil rights action, claiming that she sustained personal injuries on July 7, 2008, resulting from a battery by Arthur Ruben Basaldua ("Basuldua"), a federal inmate incarcerated in the St. Martin Parish Correctional Center II ("SMPCC") in Breaux Bridge, Louisiana. On that date, Broussard was employed as a Correctional Officer at SMPCC. She alleges that during her nighttime shift, she and Basaldua had a confrontation while she was issuing razor blades to the inmates for shaving.  Later that evening, she was attacked by

Basaldua, who allegedly struck her multiple times in the head and body with a sock and padlock.

On July 6, 2009, Broussard filed suit against Basaldua, Theriot, in his official capacity as Sheriff of St. Martin Parish, and Clues, in his official capacity as Warden of the SMPCC. She brought claims pursuant to Louisiana tort law, and federal claims, asserting jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights). She alleged liability against Basuldua under LA. CIV. CODE art. 2315 for intentionally battering her, and against Theriot and Clues under 42 U.S.C. § 1983, U.S. CONST. amend. XIV., and LA. CIV. CODE art. 2315 and 2317 as Basuldua's custodians.

In the instant motion, defendants seek to dismiss Broussard's claims on the grounds that this Court lacks subject matter jurisdiction.

## Motion to Dismiss Standard

Motions to dismiss for lack of subject matter jurisdiction are brought pursuant to Fed. R. Civ.P. 12(b)(1). Under Rule 12(b)(1), the court may find a plausible set of facts by considering any of the following: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (*citing Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996)).

**Legal Analysis**

Broussard asserts that Basaldua is liable under LA. CIV. CODE art. 2315 for intentionally battering her, and that Theroit and Clues are vicariously liable under § 1983 and LA. CIV. CODE arts. 2315 and 2317 as Basaldua's custodians. [rec. doc. 1, ¶¶ 3, 4]. However, these allegations do not support the basis for federal subject matter jurisdiction under the facts of this case.

First, Theriot and Clues cannot be held liable for § 1983 violations under the theory of *respondeat superior* or vicarious liability. *See Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006) (*citing Monell v. Department of Social Services*, 436 U.S. 658, 693, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Further, mere negligence is insufficient does not give rise to a constitutional violation under the civil rights act. *Daniels v. Williams*, 474 U.S. 327, 333, 106 S.Ct. 662, 666, 88 L.Ed.662 (1986). Accordingly, Broussard has not established federal question jurisdiction against Theriot or Clues under § 1983.

As to Balsadua, Broussard has asserted a pure tort claim for battery under Louisiana law. A Section 1983 claim can only be brought against "[A]ny person who, *under color of any law, statute, ordinance, regulation, custom, or usage of any State*, shall subject, or cause to be subjected, any person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution of the United States, shall, any such law, statute, ordinance, regulation, custom, or usage of the State to the contrary notwithstanding, be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress . . . ." (emphasis added).

As an inmate, Basaldua was clearly not acting "under color of any law." Additionally, Broussard has cited no authority which allows a prison staff member who has been assaulted by an inmate to bring a § 1983 claim against either the correctional officers who have custody of the inmate, nor the inmate himself. In fact, the only authority which the undersigned has been able to locate indicates no such right of action. *White v. Lemacks*, 183 F.3d 1253 (11th Cir. 1999).

In her opposition and at oral argument, Broussard asserted that she is a third-party beneficiary under the contract between the St. Martin Parish Correctional Center and the federal government concerning the housing of inmates. As such, she argues, she has a federal cause of action under the contract. However, a contract provision cannot provide the basis for federal subject matter jurisdiction. *Oliver v. Trunkline Gas Co.*, 796 F.2d 86, 89-90 (5th Cir.1986) ("[W]e are aware of no case in which any court, let alone the Supreme Court, has held that a private contract can give rise to federal-question jurisdiction simply by 'incorporating' some federal regulatory standard that would not have been binding on the parties by its own force").

Additionally, Broussard has cited no authority (and the undersigned knows of none) which would allow a third-party beneficiary to assert a federal cause of action based on such a contract. Thus, this argument lacks merit.

Thus the undersigned is recommending dismissal of all of the federal claims for lack of subject matter jurisdiction. The undersigned, therefore, also recommends that this Court decline to exercise supplemental jurisdiction over the state law claims and dismiss them without

prejudice.

## Conclusion

Accordingly, **IT IS RECOMMENDED** that the motion to dismiss be **GRANTED**, and that all **federal claims** against defendants, Ronald J. Theriot, Reginald Clues, and Arthur Basuldua, be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that the **state law claims** against the defendants, Ronald J. Theriot, Reginald Clues, and Arthur Basuldua, be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE**

**DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).

Signed February 11, 2010, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE