RECEIVED

MAR - 4 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| BERNICE BROUSSARD | CIVIL ACTION NO. 09-1111 |
| VERSUS | JUDGE DOHERTY |
| ARTHUR BASALDUA, ET AL. | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING AND ORDER

Before the Court is the "Report and Recommendation on Motion to Dismiss" [Doc. 27] issued by Magistrate Judge Hill, in which the magistrate judge recommends the "Motion to Dismiss For Lack of Subject Matter Jurisdiction" [Doc. 9] filed by defendants, Ronald J. Theriot and Reginald Clues, be granted, and that the federal claims of the plaintiff asserted against these defendants be dismissed with prejudice for lack of subject matter jurisdiction. The magistrate judge further recommends that this Court decline to exercise supplemental jurisdiction over the state law claims asserted by the plaintiff and dismiss those claims without prejudice. The plaintiff has filed Objections [Doc. 28]. For the reasons contained in the magistrate Judge's Report and Recommendation, this Court ADOPTS Magistrate Judge Hill's recommendations and dismisses all claims filed by the plaintiff against all defendants, as set forth in detail hereinbelow.

The factual background of the case and the reasons for dismissal of all claims have been succinctly laid out by the magistrate judge in his Report and Recommendation and will not be repeated herein.[1] This Memorandum Ruling issues for the sole purpose of addressing one objection

---

[1] In essence, this lawsuit alleges damages by the plaintiff – employed as a correctional officer at the St. Martin Parish Correctional Center II in Breaux Bridge, La. – when an inmate, defendant Basaldua, attacked her as she was escorting a cleaning crew into Dorm A of the jail. Plaintiff presents the case as an action for a civil rights violation. For the reasons set forth by the magistrate judge in his Report and Recommendation, in actuality, this is a

asserted by the plaintiff in his Objections. Specifically, to the extent the plaintiff argues the "Intergovernmental Service Agreement" executed by the United States Marshal Service and the St. Martin Parish Detention Center II, which allegedly housed defendant Basaldua at the time of the alleged attack on the plaintiff, confers subject matter jurisdiction over the instant matter, such argument is unavailing.[2] Plaintiff contends the magistrate judge erred in classifying the contract as a "private contract" as opposed to a "federal contract" that confers subject matter jurisdiction over plaintiff's claims. Plaintiff cites several cases in support of his broad argument that the interpretation of federal contracts is governed by federal common law and provides federal question subject matter jurisdiction in this matter, among them, *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943) and *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677 (2006).

Plaintiff's reliance on both of the foregoing cases is misplaced. First, despite the order of the names in the title of the case, the lawsuit in *Clearfield* was instituted by the United States against the Clearfield Trust Co. As the Court noted in *Empire*, "[b]ecause the United States was the plaintiff, federal-court jurisdiction was solidly grounded. *See Clearfield*, 318 U.S. at 365 ("This suit was instituted ... by the United States ..., the jurisdiction of the federal District Court being invoked pursuant to the provisions of § 24(1) of the Judicial Code, 28 U.S.C. § 41(1)," now contained in 28 U.S.C. §§ 1332, 1345,[3] 1359[4])." 47 U.S. at 691. *Clearfield* is, therefore, clearly distinguishable

---

tort suit, not a civil rights case.

[2] According to the Agreement itself, the agreement "is for the housing, safekeeping, and subsistence of federal prisoners, in accordance with the contents set forth herein." *See* "Intergovernmental Service Agreement," Exhibit "A" to Doc. 21.

[3] 28 U.S.C. §1345 states:

> Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by

2

from the instant case, in which the United States is not a party plaintiff.

Furthermore, the plaintiff argues the following in his Objections:

> Empire involved the meaning of terms in a federal health insurance contract. The contract, between a federal agency and a private carrier, established the details of a federal health insurance program created by federal statute and covering several million federal employees. <u>The Court then relied upon the principles of *Clearfield Trust* to determine that federal subject matter was appropriate</u>. This Court has applied this principle, the principle embodied in *Clearfield Trust*, to Government contracts of all sorts . . . ."

*Id.* at 707 (citations omitted) (emphasis added).

Notwithstanding the argument made by the plaintiff, the language cited above does not appear in the actual decision rendered by the Supreme Court in the *Empire* case. Rather, the cited language appears in the dissent, written by Justices Breyer, Kennedy, Souter, and Alito. The actual decision of the Court was that federal subject matter jurisdiction did *not* exist in *Empire*. 47 U.S. at 701.

As the magistrate judge noted in his Report, the mere fact that defendant Ronald J. Theriot, acting in his capacity as the Sheriff of St. Matin Parish, entered into a contract with the United States Marshal Service for the housing of federal prisoners, does not, by virtue of the fact that the agreement might reference certain federal statutes or regulations, provide federal question

---

Act of Congress.

28 U.S.C. §1345.

[4] 28 U.S.C. §1359 states:

> A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.

28 U.S.C. §1359.

3

jurisdiction. There is no federal question jurisdiction in this case, because, as a matter of law, the plaintiff cannot proceed with federal claims alleging Section 1983 violations against defendants Theriot and Clues on the basis of *respondeat superior*, and as a matter of law, the plaintiff has no federal claim against defendant Basaldua for battery arising under Section 1983, as Basaldua is not a state actor.

Additionally, although the plaintiff alleges defendant Theriot (the Sheriff) failed to properly train and supervise defendant's Clue's (the Warden) operation of the St. Martin Parish Correctional Center II – which claim could, theoretically, give rise to a federal cause of action for which federal question jurisdiction exists if properly pled – plaintiff alleges it was Theriot's "*negligent* training and supervision" of Clue's management of the correctional center that gives rise to Theriot's liability.[5] It is axiomatic that negligence is not a theory for which liability may be imposed under section 1983. *See, e.g., Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir. 1996), *citing Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) ("We conclude that the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); *Love v. King*, 784 F.2d 708 (5th Cir.1986).

The only claim that survives is the plaintiff's claim against Basaldua arising under Article 2315 of the Louisiana Civil Code.[6] This Court need not exercise supplemental jurisdiction over that

---

[5] *See* Plaintiff's Complaint, ¶30, in which plaintiff alleges: "As a result of defendant Theriot's *negligence*, Plaintiff Broussard has suffered actual and special damages including, but not limited to, bodily injury and emotional distress." [Doc. 1] (emphasis added).

[6] Codification of the theory of *respondeat superior* under Louisiana law is found in Article 2317 of the Louisiana Civil Code, which states:

> We are responsible, not only for the damage occasioned by our own act, but for that which is

4

claim, which does not arise under federal law, and adopts the recommendation of the magistrate that it not do so.

Additionally, plaintiff's counsel is cautioned that mis-characterization of the holding of a case to the Court is a sanctionable offense. In the future, counsel shall endeavor to properly cite and represent all cases and their holdings to this Court.

Considering the foregoing,

IT IS ORDERED that the defendants' Motion to Dismiss [Doc. 9] is GRANTED.

IT IS ORDERED that plaintiff's federal claims against defendants Ronald J. Theriot, Regina Clues, and Arthur Basaldua are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 4 day of March, 2010.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.

La. Civ. Code art. 2317 (West 2010). Therefore, plaintiff's claims arising under Article 2317 must fail, as Theriot and Clues cannot be held liable for Section 1983 violations under the theory of *respondeat superior* or vicarious liability.